IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ARNOLDO TOBAR HERRERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-1841 (AJT-IDD) |
| JOSEPH SIMON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Before the Court is Petitioner Arnoldo Tobar Herrera's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), filed on June 26, 2026.

Petitioner is a native and citizen of Guatemala, who entered the United States without inspection in or around 2006. [Doc. No. 1] ¶ 20. On June 21, 2026, Petitioner was detained by immigration authorities, following which he was served a Notice to Appear, initiating removal proceedings, and transferred to the Farmville Detention Facility without any opportunity to post bond. *Id.* ¶¶ 16, 22, 49. Petitioner resides with his partner and three U.S.-citizen children and is the breadwinner for his family. *Id.* ¶ 23.

On June 26, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJTWBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 5].[1] In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section

---

[1] Respondents submit that "Petitioner may have been in the process of transferring out of this District when this Court entered its Order to Show Cause" but that they "are working towards bringing Petitioner back to this District." [Doc. No. 5] at 1 n.1.

1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and as a matter of constitutional due process, Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is GRANTED and it is hereby

**ORDERED** that Petitioner be immediately returned to the Eastern District of Virginia and thereafter released from custody with all his personal property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and file that address to the Court under seal within twenty-four (24) hours of the issuance of this Order; and it is further

**ORDERED** that should Petitioner be re-detained in the future, Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and notify him of its date, time, and location; and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

June 29, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge

2